UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VICTOR HONG,

                Plaintiff,

       -against-

U.S. DEPARTMENT OF JUSTICE, and U.S.
SECURITIES     AND     EXCHANGE
COMMISSION

               Defendants.
------------------------------------------------------------X

**COMPLAINT FOR DECLATORY
AND INJUNCTIVE RELIEF**

Civil Action No.:

       Plaintiff, Victor Hong, by his attorneys, Archer, Byington, Glennon & Levine LLP, as

and for his complaint respectfully alleges as follows:

## <u>NATURE OF ACTION</u>

       1.     This is an action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking to compel

the U.S. Department of Justice ("DOJ") and the U.S. Securities and Exchange Commission

("SEC") to immediately release records improperly withheld from Plaintiff following lawful

requests by Plaintiff.  These records contain information relating to the treatment of Plaintiff's

whistleblower information and documents provided by Plaintiff in connection with Defendants'

coordinated enforcement efforts against the Royal Bank of Scotland ("RBS"), ultimately

resulting in an August 14, 2018 Settlement Agreement entered into by the DOJ and RBS (the

"DOJ Settlement Agreement") with monetary sanctions in the amount of $4.9 billion against

RBS for securities law violations, based in whole or in part on the original information produced

by Plaintiff following his whistleblower tip, complaint, or referral ("TCR") filed with the SEC.

2.      Congress enacted the Dodd–Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 15 U.S.C. §78u-6, in the wake of the 2008 financial crisis and intended its provisions to assist the SEC "in identifying securities law violations," by establishing "a new, robust whistleblower program designed to motivate people who know of securities law violations to tell the SEC." S. Rep. No. 111-176, at 38 (2010).

3.      To effectuate this design, Congress established an award program, under which a whistleblower who voluntarily provides original information to the SEC that leads to the successful enforcement of a covered judicial or administrative action, or related action, is entitled to a nondiscretionary cash award of 10 to 30 percent of the monetary sanctions collected in the enforcement action. 15 U.S.C. § 78u-6(b).

4.      The SEC has promulgated procedures regarding the submission of whistleblower tips and the determination of applications for whistleblower awards. *See*, 17 CFR §§ 240.21F-1-17.

5.      On September 5, 2019, Plaintiff filed an application for a whistleblower award pursuant to the mandatory whistleblower award provisions of the Dodd–Frank and the SEC's implementing regulations, referencing the DOJ Settlement, for which he provided original information to the SEC.

6.      The SEC denied Plaintiff's application for a whistleblower award, asserting that its activities with respect to Plaintiff's whistleblower information and its coordination with the DOJ did not constitute SEC "action" pursuant to Dodd-Frank sufficient to entitle Plaintiff to a whistleblower award.

7.      Yet, Defendants DOJ and SEC have improperly denied Plaintiff's FOIA requests and withheld all records relating to the SEC's involvement with the DOJ Settlement, including

all records of the SEC's referral of Plaintiff's whistleblower information to the DOJ and the Federal Housing Finance Agency ("FHFA") and, more specifically, withheld all records about Plaintiff Victor Hong related to mortgage backed securities ("MBS") and asset backed securities ("ABS") in the possession of the DOJ and SEC.

8.      In short, the U.S. Federal Government used Plaintiff's whistleblower information first submitted to the SEC to obtain billions of dollars in sanctions against RBS, including through settlement agreements specifically referencing the individual securities products for which Plaintiff supplied such information, and then cast him aside and refused to consider or disclose any details regarding the enforcement vehicles selected by the SEC that would entitle Plaintiff to a mandatory whistleblower award pursuant to Dodd-Frank, including by stonewalling Plaintiff's FOIA requests seeking to ascertain the SEC's activities with respect to Plaintiff's whistleblower information, by issuing blanket, generic denials to Plaintiff's lawful requests for public records.

9.      Disclosure of the public records requested is of significant public interest and concern, because Congress explicitly designed Dodd-Frank to incentivize potential whistleblowers to come forward to the SEC to report securities law violations. S. Rep. No. 111-176 (2010). Defendants' refusal to disclose records regarding the SEC's enforcement activities in connection with the DOJ Settlement counterproductively announces to whistleblowers that the SEC will opportunistically take whistleblower tips, but will prevent substantial recoveries under the Dodd-Frank mandatory-minimum award provisions by electing secret enforcement vehicles that it will later unilaterally declare are not covered or eligible. The public has a right to know whether the SEC's whistleblower program is operating as Congress intended.

10.     Defendants' withholding of public records concerning its treatment of whistleblower information used in coordinated inter-agency efforts to enforce securities law, in conjunction with denying whistleblower awards based on the nature of these same secret activities which Defendants have shielded from public disclosure, undermines the purposes of FOIA.

## JURISDICTION AND VENUE

11.     Jurisdiction is conferred upon this Court by 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

12.     Venue lies in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

13.     Plaintiff has exhausted all administrative remedies in connection with these FOIA requests.

## PARTIES

14.     Plaintiff Victor Hong is a finance professional specializing in valuation and risk in investment banking and resides at 222 East 34th Street, New York, NY 10016, and is a former employee of RBS Greenwich Capital Markets, Inc. ("RBS Greenwich"), a wholly owned subsidiary of RBS, as a Managing Director, and Head of Fixed-Income Independent Price Verification ("IPV") and Risk Management.

15.     On November 9, 2007, Plaintiff resigned from RBS Greenwich, primarily due to persistent discrepancies between trader marks or otherwise over-marked valuations as compared to the analytical fair market value of the securitized products for which he was responsible for IPV, and which his supervisors and RBS senior management refused to correct.

4

16.     Defendant DOJ is a Department of the Executive Branch of the United States Government.  The DOJ is an agency within the meaning of 5 U.S.C. § 522(f).

17.     Defendant SEC is an independent agency of the United States Government.  The SEC is an agency within the meaning of 5 U.S.C. § 522(f).

**STATEMENT OF FACTS**

**PLAINTIFF'S WHISTLEBLOWER TIP AND INFORMATION**

18.     On July 28, 2014, Plaintiff filed a TCR with the SEC, voluntarily supplying original information to the SEC detailing securities law violations related to MBS, and other securitized products, packaged, marketed, and sold by and through RBS.

19.     On or about November 25, 2014, Assistant U.S. Attorney ("AUSA") Mary Murrane contacted Plaintiff's attorney by telephone regarding his TCR filed with the SEC.

20.     On November 25, 2014, AUSA Murrane emailed Plaintiff's attorney regarding the U.S. Attorney's Office for the District of Massachusetts' (the "U.S. Attorney's") interest in talking with Plaintiff and scheduling a meeting in Boston, Massachusetts regarding the subject of Plaintiff's TCR filed with the SEC.

21.     After further discussions between AUSA Murrane and Plaintiff's attorney, the U.S. Attorney issued a consensual subpoena dated December 11, 2014 (the "DOJ Subpoena") in furtherance of Plaintiff's offer to produce documents related to the TCR Plaintiff filed with the SEC.

22.     On December 12, 2014, Plaintiff agreed to and did attend, with his attorney, a meeting at the offices of the U.S. Attorney in Boston, Massachusetts, with FHFA Special Agent Jeffrey L. Fata, AUSA Sara Bloom, AUSA Justin O'Connell, and AUSA Brian LaMacchia.

23.     At the December 12, 2014 meeting and thereafter, Plaintiff produced troves of documents and further information related to the tip Plaintiff made in the TCR filed with SEC regarding securities law violations related to residential MBS valuation and pricing falsifications at RBS.

24.     Specifically, Plaintiff produced hundreds of pages of emails, valuation research, reports, and compliance documents related to residential MBS valuation and pricing falsifications at RBS.

25.     Upon the recommendation of AUSA Justin O'Connell, on December 17, 2014, Plaintiff filed an amended TCR with the SEC.

26.     On August 14, 2018, the DOJ and RBS entered into the DOJ Settlement following the U.S. Attorney's Office for the District of Massachusetts' investigation in conjunction with the FHFA, with monetary sanctions in the amount of $4.9 billion against RBS, upon information and belief, based in whole or in part on the original information Plaintiff produced in connection with his TCR filed with the SEC.

27.     Specifically, Annex 2 to the DOJ Settlement lists seventy-seven different "Soundview" residential MBS, regarding which Plaintiff produced significant evidence to the DOJ and FHFA in connection with his TCR, including the underlying loans and securitizations, as Plaintiff blew the whistle on fraudulently originated loans and overmarked securities being poured into many of these Soundview residential MBS products tranche by tranche during the time period covered by the DOJ Settlement.

28.     In addition, the original information supplied by Plaintiff substantially and significantly contributed to the success of the action against RBS for securities law violations, instituted September 2, 2011, *FHFA v. RBS, et al.,* United States District Court for the District of

Connecticut, Case No. 3:11-cv-01383, which resulted in a settlement and monetary sanctions in the amount of $5.5 billion ("FHFA Settlement"), based in whole or in part on the original information by Plaintiff.

**PLAINTIFF'S FOIA REQUESTS AND DEFENDANT DOJ'S RESPONSES**

29.     On or about September 3, 2018, supplemented December 14, 2018, Plaintiff filed a FOIA request with the DOJ seeking records pertaining to the SEC's involvement in the DOJ Settlement and records pertaining to Plaintiff related to MBS and ABS at RBS. (Exhibit "A") (the "DOJ FOIA Request").

30.     The DOJ issued a blanket denial of the DOJ FOIA Request, explaining, in part: "[ X ] The records responsive to your request **have been destroyed** pursuant to Department of Justice guidelines." (Exhibit "B") (emphasis added).

31.     Plaintiff administratively appealed the DOJ's initial denial.

32.     Although the DOJ denied expedited treatment, on February 15, 2019, the DOJ review officer, Matthew Hurd, Associate Chief, DOJ Administrative Appeals Staff, remanded the DOJ FOIA Request for a search of responsive documents. (Exhibit "C").

33.     By letter dated September 16, 2020, the DOJ responded to the FOIA request, advising that the DOJ had located 610 pages responsive to the DOJ FOIA Request and that the DOJ was withholding 597 of the 610 pages in full. (Exhibit "D") (the "DOJ Response").  The DOJ Response asserts the following blanket, generic exemptions from disclosure:

- 5 U.S.C. § 552(b)(4), which concerns trade secrets and commercial or financial information obtained from a person that is privileged or confidential;

- 5 U.S.C. § 552(b)(5), which concerns certain inter- and intra-agency communications protected by the deliberative process and attorney work-product privileges;

- 5 U.S.C. § 552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties; and

- 5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

(Exhibit "D").

34.    The DOJ later advised Plaintiff that it was also withholding the remaining 13 pages not addressed in the September 16, 2020 DOJ Response.   In other words, the DOJ withheld all 610 pages of responsive records it had found.

35.    Plaintiff appealed the DOJ Response. (Exhibit "E").

36.    By letter dated May 10, 2021, the DOJ denied Plaintiff's appeal, reasserting the same blanket, generic exemptions from disclosure:

- 5 U.S.C. § 552(b)(4), which concerns trade secrets and commercial or financial information obtained from a person that is privileged or confidential;

- 5 U.S.C. § 552(b)(5), which concerns certain inter- and intra-agency communications protected by the deliberative process and attorney work-product privileges;

- 5 U.S.C. § 552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties; and

- 5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

(Exhibit "F") (the "DOJ Final Determination").

37.     The DOJ did not disclose redacted records to protect the purported privacy interests of third parties, to prevent the disclosure of certain trade secrets and commercial or financial information, or to address any other exemption from disclosure asserted by the DOJ.

38.     A document is only properly withheld under Exemption 5 if it satisfies "two conditions: its source must be a [g]overnment agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *U.S. Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).

39.     The burden rests with the DOJ to prove, through detailed and specific information, that the withheld information falls within the domain of the privileges asserted.

40.     The DOJ did not provide any information to Plaintiff regarding the contents of the 610 responsive pages of records that it found during its search.

41.     To date, the DOJ has disclosed no records responsive to the DOJ FOIA Request.

**PLAINTIFF'S FOIA REQUESTS AND DEFENDANT SEC'S RESPONSES**

42.     On or about May 8, 2019, Plaintiff also filed FOIA requests with the SEC seeking records concerning himself, Victor Hong, RBS, and RBS Greenwich. (Exhibit "G") (the "SEC FOIA Request").

43.     By letter dated May 21, 2019, the SEC FOIA Office advised Plaintiff that the requested records included seven boxes of records and estimated thirty-six months or more before a FOIA officer can begin processing the request.  (Exhibit "H").

44.     Therefore, on or about May 21. 2019, Plaintiff narrowed the scope of the SEC FOIA Request, as offered in the SEC's response dated May 21, 2019, in order to avoid waiting some three (3) years before any search would even begin.

45.     On or about July 2, 2019, the SEC FOIA Office advised Plaintiff that it did not find any responsive emails in the three boxes that it searched.

46.     On or about July 3, 2019, Plaintiff appealed and challenged the adequacy of this search conducted by the SEC.

47.     By letter dated July 11, 2019, the SEC denied Plaintiff's appeal and concluded that the search, which uncovered no emails in three of the seven boxes of records regarding Plaintiff, RBS, and RBS Greenwich, was reasonable. (Exhibit "I").

48.     To date, Plaintiff has received no responsive records from either the DOJ or the SEC concerning himself, RBS, or RBS Greenwich, and the SEC and DOJ enforcement actions that led to the DOJ Settlement, despite numerous FOIA requests and appeals, and the exhaustion of all administrative remedies in connection with the DOJ FOIA Request and the SEC FOIA Request.

**PLAINTIFF'S APPLICATION FOR A WHISTLEBLOWER AWARD**

49.     On September 5, 2019, Plaintiff filed an application for a whistleblower award with the SEC, referencing the DOJ Settlement.

50.     The SEC's Office of the Whistleblower refused to consider or substantively address Plaintiff's application for an award, including by letter dated September 18, 2019.

51.     Plaintiff deemed the SEC's continual refusal to consider or address his application for a whistleblower award as a constructive denial and was ultimately forced to file a petition for review in *Hong v. SEC*, Case No. 19-3886 (2d Cir. 2019) to, *inter alia*, compel the SEC to consider and substantively address his application.

52.     Only after Plaintiff filed a petition for review in *Hong v. SEC*, Case No. 19-3886 (2d Cir. 2019), did the SEC first agree, in a motion for a voluntary remand, to follow its own

rules in connection with Plaintiff's application for a whistleblower award by the issuance of a preliminary determination, the production of certain documents considered by the SEC's Office of the Whistleblower Claims Review Staff, and the issuance of a final order by the SEC.

53.    Based on the SEC's representations that it would, in good faith, address Plaintiff's arguments, and the issues raised by Plaintiff concerning missing records and information in the SEC's incomplete record for review filed in the case, the Court of Appeals for the Second Circuit granted the SEC's motion for a remand.

54.    On remand, the SEC again refused to consider or produce any records concerning the Plaintiff's activities in coordination with the FHFA and DOJ culminating in the DOJ Settlement or the FHFA Settlement.

55.    The SEC then issued a Final Order dated February 19, 2021, wherein the SEC acknowledges that SEC "action" pursuant to Dodd-Frank encompasses activities beyond adjudicatory judicial or administrative proceedings, but arbitrarily declares that the SEC's unidentified activities with respect to Plaintiff's whistleblower information, which Defendants have shielded from public disclosure, do not fall within the broad and ambiguous statutory term "action" pursuant to Dodd-Frank. (Exhibit "J").

## CLAIM FOR RELIEF

### FIRST CAUSE OF ACTION

**(Violation of FOIA, 5 U.S.C. § 522, for Failure to Disclose Responsive Records)**

56.    Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

57.    Defendants are obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to Plaintiff's FOIA requests.

58.     Plaintiff has a legal right to obtain such records.

59.     No legal basis exists for Defendants' failure to disclose the requested records in full.

60.     Upon information and belief, any personal privacy interests of third parties implicated by the requested records may be protected by redaction, and no legal basis exists for Defendants' to withhold the requested records in full.

61.     Defendants' failure to disclose responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

62.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the disclosure of the requested records.

## SECOND CAUSE OF ACTION

**(Violation of FOIA, 5. U.S.C. § 522, for failure to promptly release agency records)**

63.     Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

64.     The SEC's determination that Plaintiff must wait at least three years before it begins its review of potentially responsive documents is unreasonable and a violation of FOIA's mandate to provide a complete response and "promptly" release agency records within the time frame required by the statute. *See* 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(i).

65.     Defendants have engaged in a pattern of convoluting the administrative appeals process by changing tracking numbers associated with Plaintiff's FOIA requests and appeals, splitting Plaintiff's FOIA requests for piecemeal consideration, including by different agency components, and through the use of partial expedited tracks, complex tracks, and delayed responses.

12

66.     Upon information and belief, SEC has a policy and practice of violating FOIA's procedural requirements in connection with the processing of FOIA requests.  Specifically, upon information and belief, it is SEC's policy and practice to maintain a complex track processing system with a three-year or more backlog to circumvent timely processing of FOIA requests and to shield itself from timely responding to lawful FOIA requests.

67.     Defendants are obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to Plaintiffs' FOIA requests.

68.     Plaintiff has a legal right to prompt access to such records, and no legal basis exists for the Defendants' failure to promptly release them.

69.     Plaintiff is being irreparably harmed by SEC's unlawful policy and practice and will continue to be irreparably harmed unless SEC is compelled to comply with FOIA's procedural requirements to make records "promptly available." *See* 5 U.S.C. § 552(a)(3)(A) and (a)(6)(i).

70.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate and expedited processing and disclosure of the requested records.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Victor Hong respectfully requests that this Court enter judgment against Defendant DOJ and Defendant SEC as follows:

a.  Declare that the Defendants' failure to disclose the records responsive to the Plaintiff's requests violates FOIA, 5 U.S.C. § 522(a)(3)(A), as well as the regulations promulgated thereunder;

b.  Declare that the Defendants' failure to promptly produce records responsive to the Plaintiff's requests violates FOIA, 5 U.S.C. § 522(a)(6)(A)(i);

    c.   Order the Defendants to expeditiously process and disclose all responsive, non-exempt records, and enjoin the Defendants from improperly withholding records;

    d.   Award the Plaintiff reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 522(a)(4)(E), and any other applicable statute or regulation; and

    e.   Grant such other relief as the Court may deem just and proper.

Dated: Melville, New York
       May 26, 2021

                Respectfully submitted,

                /s/ *Richard S. Corenthal*
                Richard S. Corenthal
                John H. Byington III
                Paul K. Brown
                *Attorneys for Plaintiff Victor Hong*
                Archer, Byington, Glennon & Levine LLP
                One Huntington Quadrangle - Suite 4C10
                P. O. Box 9064
                Melville, New York 11747-9064